### REEVES v. STATE

No. 19991. Supreme Court

Decided March 8, 1927

Error to the Court of Appeals, Lucas County

511. FALSE PRETENSE—Where one is indicted for obtaining money under false pretenses by representing that a mortgage sold to the prosecuting witness was a second mortgage lien when in fact there were two prior mortgages, such evidence does not disclose intent to defraud.

PER CURIAM.

An indictment returned by the Lucas County grand jury charged Ernest Reeves with obtaining money by false pretenses, in that he represented to Agnes M. Sturzinger that a certain mortgage of which he was the holder and

had for sale was a second mortgage lien upon the premises therein described, and that the only other mortgage lien upon said premises prior thereto was a certain mortgage for $2,500, when in fact there were then two mortgage liens upon said premises prior to the mortgage held by Reeves, and known by him to be such, and that by said false pretense the defendant unlawfully, with intent to defraud, obtained from Agnes M. Sturzinger the sum of $1,017.60 of the personal property of the said Agnes M. Sturzinger, with intent to cheat and defraud her out of same. Upon trial a verdict of guilty was returned by the jury, which was affirmed by the Court of Appeals.

The defendant was engaged in the real estate business in the city of Toledo, and the transaction involved in this case was one of series of transactions between the parties named. The mortgage held by Reeves, was for $1,282, was sold by him to Mrs. Sturzinger for $1,017.60, being at a discount of 20 per cent, and the sale thereof was completed after an inspection of the premises by the husband of Mrs. Sturzinger, who was acting in her behalf.

Several grounds of error were presented only one of which need be considered. The Supreme Court held:

1. In the opinion of a majority of the court the record does not disclose any evidence of intention to defraud, and in that particular the charge made in the indictment is unsupported by the proof.

2. The mortgage incumbrance prior to the mortgage in question consisted of two mortgages, one of $1,500 and the other of $2,500, executed to the same mortgagee and filed for record only three minutes apart, and they were owned and held by the same person at the time of the transaction in question in this case. The amount due thereon had been reduced to about $3,700.

3. There is evidence that, being so executed and held, they were considered as one lien, and the Reeves mortgage was referred to as a second mortgage.

4. The indictment charges that the defendant represented that $2,500 was the amount of the mortgage incumbrance on said premises prior to the mortgage in question, but the only evidence in the record of any representation by Reeves of the amount of the prior mortgage incumbrance is to the effect that both Mr. and Mrs. Sturzinger were informed that the mortgage which she was purchasing then actually amounted to about $3,700.

5. There is no evidence whatever in the record that Reeves made any other representation as to the amount of the prior mortgage incumbrance.

Judgment reversed.

(Allen, Robinson, Jones & Matthias, JJ., concur. Kinkade, J., not participating.)

Attorneys—Geo. A. Bassett; Orville Brumbach, for Reeves; Roy R. Stuart and Harry G. Levey for State; all of Toledo.